MIGUEL A. DEL TORO, ETC., Plaintiffs and Appellants, *v.* GOVERNMENT OF THE CAPITAL OF PUERTO RICO ET AL., Defendants and Appellees.

No. R-65-180.     Decided April 29, 1966.

*Luis F. Cuyar* and *Andrés Guillemard* for appellants. *Carlos A. Chavier Stevenson* for the Government of the Capital.

First Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Hernández Matos, Mr. Justice Rigau, and Mr. Justice Dávila.

MR. JUSTICE PÉREZ PIMENTEL delivered the opinion of the Court.

Del Toro Ramírez and his wife filed suit against the Government of the Capital of Puerto Rico, the Aqueduct and Sewer Authority, and the Commercial Insurance Company, claiming damages. In synthesis they alleged that

Mrs. Ramírez del Toro suffered a fall while walking on the sidewalk of Fortaleza Street, San Juan; that the fall occurred when she stepped her left foot and slid on a metal cover or plate with an area of approximately three square feet existing on said sidewalk and which had no barrier, poster, warning, or signal to indicate the proximity of danger; that the lady slid and fell on the pavement when she stepped on said metal cover or plate, suffering damages; that the fall was due to the fault and negligence of the Government of the Capital or the combined negligence of the latter and codefendant, the Puerto Rico Aqueduct and Sewer Authority, in maintaining said sidewalk open to pedestrian traffic, notwithstanding that in a short stretch in said sidewalk, where Mrs. Del Toro fell down, there existed an exceedingly slippery smooth metal cover or surface, particularly when it rains.

The Government of the Capital answered the amended complaint denying the charges, either exclusively or combined; accepting the obligation of preserving and maintaining the sidewalk where plaintiff fell, and alleging, as affirmative defense that, if the accident occurred, it was due to the fault and negligence of the Puerto Rico Aqueduct and Sewer Authority, owner of the metal cover or plate.

The Puerto Rico Aqueduct and Sewer Authority and its insurer Commercial Insurance Company answered the amended complaint denying its essential facts, it being admitted by the Authority that it is the owner of the metal cover or plate, and also setting up the plea of prescription.

In answer to some interrogatories the Aqueduct and Sewer Authority admitted that it was the owner of the metal cover referred to in the complaint and had the exclusive custody and control thereof.

As for the Government of the Capital, in answer to some interrogatories, it stated: "On the date stated, the Government of the capital was in charge of the custody,

cleaning, maintenance, and conservation of the sidewalk, and incidentally, since the metal lid or plate is on the sidewalk, its surface was cleaned by the person who swept the sidewalk, and we assume that the custody, maintenance and conservation of said metal plate was done by the Aqueduct and Sewer Authority."

Based on the allegations and admissions of the Puerto Rico Aqueduct and Sewer Authority, the Government of the Capital moved for summary judgment dismissing the complaint, since "the other two codefendants, Puerto Rico Aqueduct and Sewer Authority and Commercial Insurance Co., having admitted they had the exclusive and absolute control of the metal plate or cover referred to in the complaint, and which allegedly had caused damages to plaintiff, and there being no real or genuine controversy as to any material fact, it is proper, and we thus respectfully request this court to render summary judgment dismissing the complaint filed against codefendant Government of the Capital of Puerto Rico."

The court rendered summary judgment in favor of the Government of the Capital dismissing the complaint. The grounds in support of said judgment are set forth in the following paragraph thereof: "Since plaintiffs contend that the accident occurred because the metal plate on which she slid was smooth and slippery when it was raining, and it arising from the allegations and admissions of the parties that said plate was installed there by the Aqueduct and Sewer Authority and that it is its owner with absolute control over it, there is no genuine material controversy of facts in respect to the argument between plaintiff and the Government of the Capital, since it does not appear from the pleadings or the other documents we have examined that the accident was due to any other condition or defect in the sidewalk for which the Government of the Capital is liable."

■ The summary judgment in favor of the Government of the Capital did not lie. It is not sufficient that the party requesting summary judgment in its favor show that there is no genuine issue as to any material fact, but it is also necessary that, as a matter of law, summary judgment should be rendered in its favor. Rule 36.3 of the Rules of Civil Procedure.

■■ The admission of the Puerto Rico Aqueduct and Sewer Authority to the effect that it was the owner and had absolute control over the metal lid or plate which caused the alleged accident, cannot, within the contemplation of the law, relieve the Government of the Capital from liability. Said metal cover or plate had been installed in the sidewalk by the Puerto Rico Aqueduct and Sewer Authority, but its existence there and its condition, as it appears from the record, was not unknown to the Government of the Capital. Said metal plate came to be part of the surface of the sidewalk on which the public travels by. The municipalities are bound to maintain their streets and sidewalks in reasonably safe condition for the persons who usually travel thereon. Noncompliance with this obligation constitutes negligence and in the presence of the appropriate facts the municipality is liable for the damages suffered by a person as a result of obstructions or defects, known to the municipality, in its streets or sidewalks.[1] The municipality is not relieved from said obligation and the subsequent liability where a third party has created an unsafe situation in the streets or sidewalks with or without its consent provided the municipality had actual knowledge of the defective condition or was chargeable with notice thereof. 19 McQuillin, Municipal Corporations 150 § 54.43.

---

[1] *Davidson* v. *H. I. Hettinger & Co.*, 62 P.R.R. 286 (1943); *Vélez* v. *The Capital*, 77 P.R.R. 663 (1954).

■ That a third person might also be liable is not defense for the municipality.[2] If the condition of the metal cover or plate installed in the sidewalk was dangerous or unsafe for the pedestrians, a question we cannot decide now, then the Aqueduct and Sewer Authority as well as the Government of the Capital would be liable. The former because it installed it, was its owner, and had control over said plate and failed to maintain it in reasonably safe condition, and the latter because it had the obligation to maintain all the sidewalk, including the area covered by the plate, similarly, in reasonably safe condition for the public who traveled thereon.

We have already said in *Oliver* v. *Municipality of Bayamón*, 89 P.R.R. 432 (1963), that as part "of its obligation to maintain the sidewalks in reasonable conditions of use, it was the duty of the municipality to adopt measures to avoid causing damages by reason of the existing dangerous condition created by the hole near the inside border of the sidewalk. It could not disclaim liability on the ground that the place where the hole was located did not belong to the municipality nor was under its control, since the risk could be anticipated and it was in such proximity to the sidewalk that it rendered its use unsafe."

The former doctrine is applicable with greater reason when the dangerous and unsafe condition has been created in the sidewalk itself.

The judgment will be reversed and the case remanded for further proceedings.

---

[2] *Morales* v. *Castro*, 85 P.R.R. 275 (1962).